GUIDRY, Judge.
This is a workmen’s compensation suit in which plaintiff appeals from the trial court’s judgment which allowed him recovery for a specific loss under LSA-R.S. 23:1221(4)(c), (o), but denied further benefits and penalties and attorney’s fees. We affirm.
On December 28, 1976, plaintiff, Travis Wooten, injured the fourth or ring finger on his left hand while in the course and scope of his employment as an electrician for Pullman-Kellogg, Inc., in Pollock, Louisiana. The plaintiff was lowering a stress release cable to fellow workers in a steam structure when the cable slipped off his shoulder and became tangled around his finger. Pullman-Kellogg had in force at that time a workmen’s compensation insurance policy with the co-defendant, Travelers Insurance Company, hereafter Travelers.
On the day of his injury, plaintiff was treated by Dr. Robert K. Rush who diagnosed his injury as a small fracture of the fourth or ring finger of the left hand. A cast was put on his injured hand and plaintiff was released to return to work which he did shortly thereafter. Plaintiff was terminated from his employment for non-production on January 17, 1977.
In the spring of 1977, plaintiff was examined, on his own volition, by an orthopedic surgeon, Dr. Theodore C. Veloudakis, in Texas City, Texas. Dr. Veloudakis was of the opinion that although there was no disability of the hand as a functional unit and plaintiff could resume normal activities and work, there was, however, evidence of disability related to the left ring finger which he classified as being 40% specifically to the joint and 20% to the finger.
On May 26, 1977, plaintiff filed suit against both Pullman-Kellogg and its insurer, Travelers. In his petition, plaintiff asserted total and permanent disability resulting from the injury to his left ring finger, seeking the maximum recovery under the workmen’s compensation act, i. e., $95.00 per week. Plaintiff additionally sought recovery for alleged medical expenses in the amount of $12,000.00 as well as penalties and attorney’s fees under LSA-R.S. 22:658.
On September 30, 1977, defendants answered plaintiff’s petition admitting the accident occurred in the course and scope of employment, but denied plaintiff was permanently and totally disabled as defendants *DCV were in receipt of two doctors’ reports which indicated contrariwise. Defendants also denied plaintiff’s alleged medical expenses, showing that the various medical bills furnished to defendants had been paid.
In supplemental and amending answer, filed November 3, 1977, defendants tendered to plaintiff $1017.64, as the amount due plaintiff under the act for the permanent partial loss of function of his finger under LSA-R.S. 23:1221(4)(c), (o). Said amount was deposited into the court registry on November 28, 1977.
After trial, the district court rendered judgment in favor of plaintiff and against Travelers, limiting, however, plaintiff’s compensation award to the amount which had been paid into the court’s registry. From this judgment plaintiff appeals making the following specifications of error:
(1) The trial court erred in holding that appellant was not totally and permanently disabled as a result of his work related injury; and,
(2) The trial court erred in holding that appellees were not arbitrary and capricious in failing to pay compensation to appellant, and therefore, refusing appellant’s demand for penalties and attorney’s fees.
The issues plaintiff presents on appeal are primarily factual. After a careful review of the record and jurisprudence we find that the trial court was correct in its findings and conclusions.
The record clearly indicates that plaintiff is capable of gainful employment, and in fact did engage in gainful employment subsequent to his injury. Plaintiff’s argument that he subsequently worked with substantial pain is not supported by the evidence. Plaintiff is not entitled to benefits under LSA-R.S. 23:1221(2).
As regards penalties and attorney’s fees awardable under LSA-R.S. 22:658, plaintiff clearly did not meet the burden of showing that the actions of defendants were capricious, arbitrary, or without probable cause. No evidence was adduced at trial of a demand by plaintiff for compensation prior to the filing of suit on May 26, 1977. As evidenced by the record, the only medical report in the possession of defendants prior to the filing of suit was made by Dr. Rush. Dr. Rush, who initially treated plaintiff made a report to Travelers wherein it is reflected that plaintiff suffered no permanent disability from his injury and had been discharged from treatment. The only other medical evidence is contained in Dr. Veloudakis’ report. Plaintiff failed to establish when, if ever, defendant was in receipt of Dr. Veloudakis’ report. Apparently, however, defendants did receive the report sometime after suit was filed and subsequently paid into the registry of the court the amount of compensation due plaintiff under LSA-R.S. 23:1221(4)(c), (o) based on the percentage of disability of plaintiff’s finger as rated by Dr. Veloudak-is.
For the reasons assigned the judgment of the trial court is affirmed at plaintiff-appellant’s cost.
AFFIRMED.